IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC 7 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| **BOLEMAN LAW FIRM, P.C., and** ) | |
| **G. RUSSELL BOLEMAN, III, individually,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Civil Action No. 2:12cv672 |
| ) | |
| **JOHN W. LEE, P.C.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiffs Boleman Law Firm, P.C. ("the Boleman Firm") and G. Russell Boleman, III ("Boleman"), by counsel, for their Complaint against Defendant John W. Lee, P.C. ("Lee"), allege as follows:

### NATURE OF THE ACTION

1. In this action, the Boleman Firm and Boleman seek preliminary and permanent injunctive relief, damages, attorneys' fees and costs against Lee by reason of Lee's (a) misappropriation and infringement of one or more service marks owned exclusively by the Boleman Firm (the "Boleman Marks") in violation of the Lanham Act, 15 U.S.C. § 1125, and Virginia common law and (b) unauthorized use of Boleman's name for advertising purposes or for the purposes of trade in violation of Va. Code § 8.01-40.

### THE PARTIES

2. The Boleman Firm is a Virginia professional corporation engaged in the practice of law in the Commonwealth of Virginia and within this judicial district, with its principal place of business at 2104 West Laburnum Avenue, Richmond, Virginia 23227, and office locations in Virginia Beach and Hampton, Virginia.

3. Boleman is an attorney who resides in this judicial district and who is licensed to practice law in the Commonwealth of Virginia and in this judicial district and division.

4. On information and belief, John W. Lee, P.C., is a Virginia professional corporation engaged in the practice of law in the Commonwealth of Virginia and within this judicial district with its principal place of business at 2017 Cunningham Drive, Suite 402, Hampton, Virginia 23666.

## JURISDICTION AND VENUE

5. The Boleman Firm's claims arise under the Trademark Laws of the United States of America, Title 15, United States Code §§ 1051, *et seq*. The Court has subject matter jurisdiction over those claims under 28 U.S.C. §§ 1331 as well as 1338(a) and (b). The Court has supplemental jurisdiction over Boleman's claim for misappropriation of his name under Va. Code § 8.01-40 pursuant to 35 U.S.C. § 1367.

6. This Court has personal jurisdiction over Lee because it resides and engages in the practice of law in this judicial district and division.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and Local Rule 3(C) because Lee resides in this judicial district and division and because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district and division.

## BACKGROUND FACTS

### The Internet and Google Adwords

8. The Internet is a global network of computers that allows users to view websites and webpages, which contain images, text, sound, and video. A search engine assists users in locating information on the Internet. After entering a term in a search engine, a user will be

2

provided with a list of hyperlinks (search results) that allow users to connect to websites and webpages that may have information relevant to the search term.

9. On information and belief, Google, Inc. ("Google"), operates the most popular Internet search engine. In connection with its search engine, Google offers an advertising program called AdWords that allows website owners to purchase terms, known as "keywords," and to place a "sponsored link" within the search results received by a user who has entered a search query using that keyword. The advertiser's sponsored link typically appears above or beside the "organic" (non-sponsored) search results. A sponsored link is essentially a message that enables a user to connect to the advertiser's website simply by clicking on the message.

10. On information and belief, Google allows advertisers to select trademarks and service marks of third parties, or words that are confusingly similar thereto, as keywords in an Adwords campaign.

11. On information and belief, advertisers pay Google each time a user clicks on a sponsored link.

### Boleman and the Boleman Firm

12. Boleman is an attorney licensed to practice law in the Commonwealth of Virginia. Since 1991, Boleman has been engaged in the practice of bankruptcy law, and in that time he has become widely known and well respected as a preeminent consumer bankruptcy attorney.

13. Boleman founded the Boleman Firm in 1991. Since its formation, the Boleman Firm has grown to become the largest consumer bankruptcy firm in Virginia, with 18 attorneys and offices in Richmond, Virginia Beach, and Hampton, Virginia.

14. Since long before the events giving rise to this Complaint, the Boleman Firm has invested significantly in advertising and promotional efforts to develop the reputation and

goodwill of the Boleman Firm name in the Richmond and Hampton Roads areas of Virginia. By virtue of its longstanding, continuous and uninterrupted use of the BOLEMAN name and distinctive service marks that incorporate BOLEMAN (the "Boleman Marks"), the Boleman Firm is, and since long before the events giving rise to this Complaint, has been the sole owner of all rights in and to the use of the term BOLEMAN for use in connection with the advertising, marketing, and delivery of legal services in Virginia, and as relevant to this action, in the Hampton Roads area of Virginia.

15. The Boleman Firm has marketed and advertised its services using the Boleman Marks extensively through a variety of media, including but not limited to the Internet and its website.

16. By virtue of the Boleman Firm's longstanding and continuous use of BOLEMAN and of other Boleman Marks to market and advertise its legal services since prior to the events giving rise to this Complaint, the consuming public came to primarily associate the Boleman Marks, including BOLEMAN, with a particular provider of legal services, *viz.*, the Boleman Firm. Thus, prior to the events giving rise to this Complaint, the Boleman Marks had acquired secondary meaning.

### Lee

17. On information and belief, John W. Lee, P.C., is a Virginia professional corporation engaged in the practice of law, including consumer bankruptcy law.

18. On information and belief, Lee advertises its legal services through its website, http://www.vabankruptcyattorney.com.

**Lee's Unauthorized Use of the Boleman Marks and Boleman's Name**

19. The Boleman Firm has not directly or indirectly given Lee permission, authorization, or license to use any Boleman Mark for or in connection with the promotion of Lee's website or legal services or for any other reason.

20. Boleman has not directly or indirectly given Lee written consent to use Boleman's name for advertising purposes or for the purpose of trade or for any other reason.

21. On information and belief, on or before October 5, 2012, Lee initiated an Adwords campaign with Google in which Lee acquired one or more keywords consisting of or that included the name "Boleman" or a term confusingly similar thereto (the "Infringing Keywords"). By acquiring the Infringing Keywords as Google AdWords, Lee ensured that his sponsored link would appear in response to at least some searches for Boleman or the Boleman Firm. *See* Exhibit A (Google search results for "boleman").

22. On information and belief, Google users who received Lee's sponsored link in response to a search for Boleman or the Boleman Firm and who clicked on Lee's sponsored link were connected to a website or webpage operated by Lee. *See* Exhibit B (landing page for Lee's website).

23. On information and belief, Lee's use of the Infringing Keywords has caused and is likely to (a) cause confusion, or to cause mistake, or to deceive consumers as to (i) Lee's affiliation, connection, or association with the Boleman Firm and/or of the Boleman Law Firm with Lee, and/or (ii) the origin, sponsorship, or approval of Lee's services by the Boleman Firm, and (b) misrepresent the nature, characteristics or qualities of Lee's legal services.

24. On information and belief, Lee's selection of the Infringing Keywords and its infringement of the Boleman Marks has been willful and with disregard for the Boleman Firm's exclusive rights in and to the Boleman Marks.

25. On information and belief, Lee's use of Boleman's name in advertising and/or for purposes of trade without Boleman's written consent is and has been willful and with reckless disregard for Boleman's rights in and to his name.

## COUNT I
## VIOLATION OF SECTION 43 OF THE LANHAM ACT

26. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–25, above.

27. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used and is using the Boleman Marks in commerce in connection with offering legal services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant with the Boleman Firm, and/or as to the origin, sponsorship, or approval of Defendant's services by the Boleman Firm.

28. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used the Boleman Marks in commerce in connection with advertising and promotion of legal services as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which, in commercial advertising or promotion, misrepresents the nature, characteristic, or qualities of Defendant's services.

29. On information and belief, Defendant's violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), have been willful, continuing, and deliberate, and with notice, knowledge, and disregard of the Boleman Firm's rights in the Boleman Marks.

30. The Boleman Firm has been irreparably harmed and has suffered monetary damages, and Defendant has been unjustly enriched, by Defendant's infringement of the Boleman Marks as described herein. On information and belief, the Boleman Firm's damages include but are not limited to lost profits, damage to the goodwill associated with the Boleman Marks, lost sales related to affiliated services, and/or Defendant's unjustly earned profits by entering into engagement agreements with consumers for bankruptcy law representation who were introduced to Lee by a sponsored link in response to a search for Boleman or the Boleman Firm.

## COUNT II
## UNFAIR COMPETITION BY INFRINGEMENT OF
## THE BOLEMAN FIRM'S COMMON LAW TRADEMARK RIGHTS

31. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–30, above.

32. Defendant, in connection with offering legal services, has used and is using the Boleman Marks in commerce as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant with the Boleman Firm, or as to the origin, sponsorship, or approval of Defendant's services by the Boleman Firm in violation of the Boleman Firm's common law rights in the Boleman Marks.

33. Defendant, in connection with offering legal services, has used and is using the Boleman Marks in commerce in connection with offering legal services as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that in commercial advertising or promotion, misrepresents the nature, characteristic, or qualities of

Defendant's services in violation of the Boleman Firm's common law rights in the Boleman Marks.

34. The Defendant's unfair competition has, on information and belief, been willful, continuing, on-going, and deliberate, and with notice, knowledge, and disregard for the Boleman Firm's common law trademark rights in the Boleman Marks.

35. The Boleman Firm has been irreparably harmed and has suffered monetary damages, and Defendant has been unjustly enriched, by Defendant's infringement of the Boleman Marks as described herein. On information and belief, the Boleman Firm's damages include but are not limited to lost profits, damage to the goodwill associated with the Boleman marks, lost sales related to affiliated services, Defendant's unjustly earned profits by entering into engagement agreements with consumers for bankruptcy law representation who were introduced to Lee by a sponsored link in response to a search for Boleman or the Boleman Firm.

## COUNT III
## UNAUTHORIZED USE OF BOLEMAN'S NAME

36. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–35, above.

37. Defendant, without obtaining prior written consent from Boleman, has used and is using Boleman's name for advertising purposes and/or for the purposes of trade in violation of Va. Code § 8.01-40(A).

38. On information and belief, the Defendant's unauthorized use of Boleman's name has been willful, continuing, on-going, and deliberate, and with notice, knowledge, and disregard of Boleman's rights in and to the exclusive use of his name, all in violation of Va. Code § 8.01-40(A).

39. Boleman has been irreparably harmed and has suffered monetary damages, and Defendant has been unjustly enriched, by Defendant's unauthorized use of Boleman's name. On information and belief, Boleman's damages include but are not limited to lost profits, lost sales related to affiliated services, Defendant's unjustly earned profits by entering into engagement agreements with consumers for bankruptcy law representation who were introduced to Lee by a sponsored link in response to a search for Boleman or the Boleman Firm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A. An Order adjudging that Defendant has infringed the common law trademarks of the Boleman Firm;

B. An Order adjudging that Defendant, by its infringement of the Boleman Firm's common law trademark rights, has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C. An Order adjudging that Defendant, by its infringement of the Boleman Firm's common law trademark rights, has engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Virginia common law;

D. An Order adjudging that Defendant has violated Va. Code § 8.01-40(A);

E. A preliminary and permanent Injunction Order enjoining Defendant and all other persons directly or indirectly in active concert or participation with Defendant, or with any of the foregoing, from advertising, promoting, or marketing legal services in any manner that infringes the Boleman Firm's common law trademarks;

F.  A preliminary and permanent Injunction Order enjoining Defendant and all other persons directly or indirectly in active concert or participation with Defendant, or with any of the foregoing, from using Boleman's name for advertising purposes or for purposes of trade;

G.  An Order that Defendant publish a notice and/or corrective advertising approved by the Court to consumers in the Hampton Roads area of Virginia, including Defendant's current clients who were introduced to Defendant by clicking on Defendant's sponsored link received in response to a search for Boleman or the Boleman Firm, that Defendant has no affiliation with or connection to the Boleman Firm;

H.  An award to the Boleman Firm of its actual and compensatory damages, as well as any profits derived by Defendant from its infringing activities, in an amount to be proved at trial, or such other amount as the Court may in its discretion find to be just according to the circumstances, with such amount trebled pursuant to 15 U.S.C. § 1117;

I.  An award to Boleman of actual and compensatory damages resulting from Defendant's unauthorized use of Boleman's name for advertising purposes or for purposes of trade, in an amount to be proved at trial, or such other amount as the jury may in its discretion find to be just according to the circumstances pursuant to Va. Code § 8.01-40(A).

J.  An award of punitive damages against Defendant;

K.  An Order granting Plaintiffs pre-judgment and post-judgment interest on the damages awarded them;

L.  An Order finding this to be an exceptional case and awarding Plaintiffs recovery of their reasonable attorneys' fees and costs of this action;

M.  An Order granting Plaintiffs such other and further relief as the Court may deem just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all claims and issues triable of right by a jury.

Dated: December 6, 2012

BOLEMAN LAW FIRM, P.C. and
G. RUSSELL BOLEMAN, III

By: /s/ *[signature]*
Dana D. McDaniel (VSB No. 25419)
E-Mail: dmcdaniel@spottsfain.com
Robert D. Michaux (VSB No. 80701)
E-Mail: rmichaux@spottsfain.com
SPOTTS FAIN PC
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone (804) 697-2000
Facsimile (804) 697-2100

*Counsel for Boleman Law Firm, P.C., and
G. Russell Boleman, III*