## U.S. DISTRICT COURT
## EASTERN DISTRICT of VIRGINIA- NORFOLK DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Boleman Law Firm, PC | ) | |
| and | ) | |
| Boleman, G. Russell III, Individually | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:12cv672 |
| | ) | |
| John W. Lee, PC, | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND GROUNDS OF DEFENSE

COMES NOW Defendant, John W. Lee, PC, and for its Answer and Grounds of Defense states as follows:

### NATURE OF THE ACTION

1.  In response to Paragraph 1 of Plaintiffs' Complaint, Defendant admits that this case was brought under the legal theories referenced by Plaintiffs, but denies any and all liability.

### THE PARTIES

2.  The allegations of Paragraph 2 of Plaintiffs' Complaint are admitted.

3.  Defendant is without sufficient information to admit or deny where Plaintiff G. Russell Boleman, III ("Boleman") resides, but admits that Boleman is an attorney licensed to practice law in the Commonwealth of Virginia.

4.  The allegations of Paragraph 4 of Plaintiffs' Complaint are Admitted.

### JURISDICTION AND VENUE

5.  The allegations of Paragraph 5 of Plaintiffs' Complaint are Admitted.

6.     The allegations of Paragraph 6 of Plaintiffs' Complaint are admitted.

7.     The allegations of Paragraph 7 of Plaintiffs' Complaint are admitted.

8.     Defendant is not an expert on the Internet or website/Internet search techniques, but admits that, to the best of its knowledge, the allegations of Paragraph 8 are admitted.

9.     Defendant is without information sufficient to admit or deny whether or not Google's search engine is the "most popular" Internet search engine. Defendant admits that Google operates AdWords and that AdWords functions, generally, in the manner described in Paragraph 9.

10.    The allegations of Paragraph 10 of Plaintiffs' Complaint are admitted.

11.    The allegations of Paragraph 11 of Plaintiffs' Complaint are admitted.

12.    Defendant admits that Boleman is an attorney practicing law in the Commonwealth of Virginia. The remainder of Paragraph 12 is denied and strict proof demanded thereof.

13.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14.    Defendant is without sufficient information to admit or deny allegations regarding the nature and extent of the "advertising and promotional efforts" or the investment made in such efforts referenced in the first sentence of Paragraph 14, and demands strict proof thereof.

15.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiffs' Complaint and demands strict proof thereof.

16.    The allegations of Paragraph 16 of Plaintiffs' Complaint are denied.

17.     The allegations of Paragraph 17 of Plaintiffs' Complaint are admitted.

18.     The allegations of Paragraph 18 of Plaintiffs' Complaint are admitted.

19.     The allegations of Paragraph 19 of Plaintiffs' Complaint are admitted.

20.     The allegations of Paragraph 20 of Plaintiffs' Complaint are admitted.

21.     In response to the allegations of Paragraph 21 of Plaintiffs' Complaint, Lee admits that it used the term "Boleman" for keywords in its Google AdWords campaign.  Lee denies that it used "confusingly similar" terms and demands strict proof thereof.  Lee denies that the use of "Boleman" for keywords "ensured that [its] sponsored link would appear in response to at least some searches for Boleman or the Boleman firm," and demands strict proof thereof.

22.     The allegations of Paragraph 22 of Plaintiffs' Complaint are admitted.

23.     The allegations of Paragraph 23 of Plaintiffs' Complaint are denied.

24.     The allegations of Paragraph 24 of Plaintiffs' Complaint are denied.

25.     The allegations of Paragraph 25 of Plaintiffs' Complaint are denied.

**COUNT I**
**VIOLATION OF SECTION 43 OF THE LANHAM ACT**

26.     Paragraph 26 of Plaintiffs' Complaint requires no response.

27.     The allegations of Paragraph 27 of Plaintiffs' Complaint are denied.

28.     The allegations of Paragraph 28 of Plaintiffs' Complaint are denied.

29.     The allegations of Paragraph 29 of Plaintiffs' Complaint are denied.

30.     The allegations of Paragraph 30 of Plaintiffs' Complaint are denied, and Defendant demands strict proof thereof including a specific accounting detailing how Plaintiffs calculate their damages.

## COUNT II
## UNFAIR COMPETITION BY INFRINGEMENT OF
## THE BOLEMAN FIRM'S COMMON LAW TRADEMARK RIGHTS

31.     Paragraph 31 of Plaintiffs' Complaint requires no response.

32.     The allegations of Paragraph 32 of Plaintiffs' Complaint are denied.

33.     The allegations of Paragraph 33 of Plaintiffs' Complaint are denied.

34.     The allegations of Paragraph 34 of Plaintiffs' Complaint are denied.

35.     The allegations of Paragraph 35 of Plaintiffs' Complaint are denied, and
Defendant demands strict proof thereof including a specific accounting detailing
how Plaintiffs calculate their damages.

## COUNT III
## UNAUTHORIZED USE OF BOLEMAN'S NAME

36.     Paragraph 36 of Plaintiffs' Complaint requires no response.

37.     The allegations of Paragraph 36 of Plaintiffs' Complaint are denied.

38.     The allegations of Paragraph 38 of Plaintiffs' Complaint are denied.

39.     The allegations of Paragraph 39 of Plaintiffs' Complaint are denied, and
Defendant demands strict proof thereof including a specific accounting detailing
how Plaintiffs calculate their damages.

## AFFIRMATIVE DEFENSES.

1.     Plaintiffs' claims are barred by the doctrine of unclean hands in that Plaintiffs are
guilty, jointly and severally, of the same acts for which it seeks relief by the Court
in this matter;

2.     Plaintiffs' claims are barred by equitable estoppel in that Defendant justifiably
relied upon Plaintiffs' use of the names of other attorneys and law firms for

advertising purposes, and in particular for use in Google AdWords keywords, to provide waiver and release for Defendant to do the same;

3.      Plaintiffs' claims are barred by equitable estoppel in that G. Russell Boleman, III, has surrendered the right to causes of action for misappropriation by using his name in the marketplace and for commercial purposes;

4.      Plaintiffs' claims are barred in that "Boleman" and "Boleman Law" are invalid and unenforceable as trademarks for the services rendered by Plaintiffs.


**WHEREFORE,** Defendant John W. Lee PC Prays this Honorable Court grant the following relief:

A.      Find in favor of Defendant on the issue of Plaintiffs' allegations of infringing Plaintiffs' alleged common law trademarks;

B.      Find in favor of Defendant on the issue of Plaintiffs' allegations that Defendant infringed Boleman Law Firm's common law trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C.      Find in favor of Defendant on the issue of Plaintiffs' allegations that Defendant engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Virginia Common Law;

D.      Find in favor of Defendant on the issue of Plaintiffs' claim that Defendant has violated Va. Code § 8.01-40(A);

E.      Deny Plaintiffs' request for the relief in Paragraphs E through M of their Prayer for Relief;

F.      Award Defendant attorneys fees and costs incurred in the defense of this matter.

_____/s/_____

Of Counsel
Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire
Virginia State Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
admin@byerslawgroup.com
duncan.byers@byerslawgroup.com
jdwilson@byerslawgroup.com
*Counsel for Defendant John W. Lee, PC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th  of February, 2013, the foregoing Answer and Grounds of Defense was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to  the following:

Dana D. McDaniel, Esq. (VSB No. 25419)
dmcdaniel@spottsfain.com
Robert D. Michaux, Esq. (VSB No. 80701)
rmichaux@spottsfain.com
SPOTTS FAIN PC
411 E. Franklin St., Suite 600
Richmond, Virginia 23219
Telephone  (804) 697.2000
Facsimile  (804) 697.2100
Counsel for Plaintiffs Boleman Law Firm, P.C.
and G. Russell Boleman, III

_____/s/_____
Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire

Virginia State Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
admin@byerslawgroup.com
duncan.byers@byerslawgroup.com
jdwilson@byerslawgroup.com
*Counsel for Defendant John W. Lee PC*